## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY JOHNSON, # B-63019, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-874-GPM |
| | ) | |
| CPT. PALA, C/O LEN, C/O GREY, | ) | |
| LT. MAY, LT. JEFFERSON, and LT. | ) | |
| MORGAN | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Henry Johnson, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on two incidents that occurred while Plaintiff was housed as a pretrial detainee at Jefferson County Jail ("Jefferson"). Plaintiff is currently serving a six year sentence for aggravated battery.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

In October 2009, while Plaintiff was incarcerated at Jefferson, Defendants placed him in "the gym room" where he was "jumped on" by four rival gang members as Defendants "turned their backs" (Doc. 1, pp. 6-7).  Plaintiff claims that guard from Cook County Jail told Jefferson staff members not to put members of Plaintiff's gang ("six-point star") with members of the "five-point

star" gang, but Defendants failed to follow Cook County's advice (Doc. 1, p. 6).  Plaintiff, however, "was not supposed to be in the presence of [any] gang under the five point star" (Doc. 1, p. 6).

As a result of this incident, Plaintiff received facial scarring, a bloody and swollen nose, and had two teeth knocked loose (Doc. 1, p. 7).  Plaintiff was also forced to treat his own injuries because the nurses were not at Jefferson at the time of the incident (Doc. 1, p. 7).

Plaintiff also alleges in his complaint that for the first six months he was incarcerated at Jefferson, he was denied access to his cell from 6:00 a.m. until 10:00 p.m. every day (Doc. 1, p. 6).  Accordingly, Plaintiff  had to "lay on the hard concrete cold floor" (Doc. 1, p. 6).  Moreover, Plaintiff was placed "in confinement a couple of times without being issued a write-up" during his time at Jefferson (Doc. 1, p. 7).

Plaintiff seeks $1 million in damages and an injunction allowing Jefferson inmates to stay in their cells if they wish.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Failure to Protect**

Plaintiff claims that by placing him in a room with rival gang members and turning their backs, Defendants failed to protect him when his life was endangered, thus violating Plaintiff's Fourteenth Amendment rights.  Jail officials have a duty to protect pre-trial detainees from violence caused by other inmates.  *Borello v.  Allison*, 446 F.3d 742, 747 (7th Cir. 2006).  However, liability

attaches only where the officer was aware the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  To prevail on this claim, Plaintiff must show that he was at risk of harm, and that Defendants both knew of, and disregarded the risk.  *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

Here, Plaintiff alleges Cook County guards specifically warned Defendants Pala, Len, Grey, May, Jefferson, and Morgan that placing members of different gangs in the same room could result in serious harm.  Plaintiff states that Defendants knew Plaintiff was a member of a six-point star gang, but still placed Plaintiff in the gym with rival gang members in a five-point star gang (Doc. 1, p. 7).  Defendants then "turned their backs, and let [Plaintiff] be assaulted." (Doc. 1, p. 7).  Based on the facts alleged, it could be that Defendants knew putting Plaintiff in a room with members of five-point star gangs created a substantial risk of harm.  Whether Defendants disregarded this substantial risk by placing Plaintiff in the gym room is not apparent at this point in the proceedings.  Plaintiff's claims against Defendants Pala, Len, Grey, May, Jefferson, and Morgan for failure to protect cannot be dismissed at this time.

**Count 2 – Deliberate Indifference to Medical Needs**

Following the assault by rival gang members, Plaintiff claims he was forced to treat himself medically because Jefferson did not have nurses working that weekend. Generally, an inmate's dissatisfaction with the medical care received in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  However, in

certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) (internal citations omitted).

The Seventh Circuit considers the following to be indicators of the first part of the deliberate indifference standard, a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.* Plaintiff has alleged sufficient facts such as a bloody and swollen nose, facial scarring, and two teeth loose teeth that, in the aggregate, could be considered an objectively serious medical need.

However, Plaintiff has failed to allege sufficient facts that pertain to the subjective component of his deliberate indifference claim. To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. The Seventh Circuit's "decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a

substantial risk of harm." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).  It is also well settled that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).  However, a plaintiff need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff claims Jefferson's policy of not having medical staff available on weekends resulted in Plaintiff not receiving medical treatment.  Yet Plaintiff does not assert any named Defendant is responsible for promulgating this policy.  Plaintiff's only specific allegation  against the named Defendants, in this context, is that Defendants "turned their backs" on Plaintiff during the assault.  Accordingly, Plaintiff has failed to state a claim that Defendants were deliberately indifferent to his medical needs. This claim shall be dismissed with prejudice.

### Count 3 – Prison Conditions

Plaintiff claims he was subjected to cruel and unusual punishment due to inadequate housing conditions at Jefferson when Plaintiff was forced to stay outside his cell.  Generally,  claims brought pursuant to § 1983 that involve *detainees* arise under the Fourteenth Amendment, not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).  However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising

under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

However, where an inmate fails to show that he was forced to remain in the cold for long periods of time, or does not establish that he suffered unusual deprivations, his complaint may not rise to the level of a constitutional violation. *See Mays v. Springborn,* 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner who had hurt ears, numb hands, feelings of frostbite, and caught colds because he was never issued adequate winter clothing showed only that he was subject to the "usual discomforts of winter," not the objectively serious harm required to state an Eighth Amendment claim).

Here, Plaintiff's claim for a Fourteenth Amendment violation due to the prison conditions at Jefferson fails for a number of reasons. First, Plaintiff claims no injury or serious harm caused by Jefferson's policy regarding cell access—only discomfort. Second, Plaintiff has not alleged Jefferson's policy is designed to "punish" detainees by subjecting them to colder environments.

Plaintiff specifically notes he was allowed to take a blanket out of his cell with him every day. Plaintiff's complaint that the floors at Jefferson are cold does not amount to a claim for cruel and unusual punishment. This claim shall be dismissed with prejudice.

**Count 4 – Due Process**

Plaintiff claims he was placed in confinement several times without a write-up, and that these incidents violated Plaintiff's due process rights under the Fourteenth Amendment. An inmate, however, has no liberty interest in movement outside of his cell. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Continued confinement in administrative detention does not implicate a constitutionally protected liberty interest. *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir. 1995). Although Plaintiff may have incurred more burdensome conditions, those conditions are "within the normal limits or range of custody" the Government is authorized to impose. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process). Plaintiff's grievance for being placed in "confinement" without any administrative "write-up" does not amount to a constitutional violation. This claim shall be dismissed with prejudice.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that **COUNTS 2, 3,** and **4** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice. **COUNT 1** shall receive further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **PALA**, **JEFFERSON**, **LEN**, **MORGAN**, **GREY**, and **MAY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendants cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendants' current work address, or, if not known, the Defendants' last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
DATED: July 24, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge